IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA BELLA,

                Plaintiff,

v.

JEFFERY MANLOVE, CHERYL JEAN-PIERRE,
EMILY STATEMULLER, DONNAL LARSON,
NANCY WHITE, and CRYSTAL MARCHANT,

                Defendants.

OPINION and ORDER

18-cv-870-jdp

---

Plaintiff Joshua Bella, appearing pro se, is a prisoner at Waupun Correctional Institution. He alleges that defendants, medical personnel at WCI, failed to adequately treat him for Ehlers-Danlos syndrome, a rare genetic disorder.

Defendants have filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin. Dkt. 18. Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Defendants bear the burden of establishing that the proposed new venue is clearly more convenient. *Coffey*, 796 F.2d at 219. I conclude that transfer to the Eastern District is proper, and I will grant the motion.

The convenience inquiry "generally" focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research*

*Automation*, 626 F.3d at 978. Defendants contend that transfer to the Eastern District, where WCI is located, is more convenient for the parties and witnesses because the events at issue occurred there, plaintiff and most defendants reside there, and most potential witnesses—WCI employees—likely reside there.

Bella opposes the motion and says that the parole review committee recently approved him for transfer to medium security. He says that after transfer, he will reside in the Western District. But there are medium-security prisons in both districts, and Bella does not specify which one he will be transferred to. And even if Bella is transferred to a prison in the Western District, the defendants and witnesses will still be in the Eastern District. I note, however, that WCI is approximately the same distance from the Western District courthouse as it is from the Eastern District courthouse.

The second part of my analysis is the interest-of-justice inquiry. It "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.*

The interests of justice weigh in favor of transfer. Bella previously litigated another case in the Eastern District that, like this case, asserted claims against WCI staff for failing to treat his Ehlers-Danlos syndrome. *See Bella v. Meli*, No. 16-cv-1134-LA (E.D. Wis. Aug. 23, 2016). That case is currently on appeal. *See Bella v. Melli*, No. 18-2478 (7th Cir.). So the Eastern

District is already familiar with the factual background of Bella's case. At the same time, his case has barely progressed in this court. Defendants filed their motion to transfer on the same day as their answer. There has not yet been a scheduling conference and there are no pending motions, so transferring the case will not throw a wrench in the proceedings.[1]

Bella says that chose to file in the Western District because the Eastern District treated him unfairly during his last case. "The plaintiff's choice of forum is usually given substantial weight," but it "is given less deference 'when another forum has a stronger relationship to the dispute.'" *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007)). And in this case, the Eastern District (where the events took place and the witnesses are located) has a stronger relationship to the dispute. Bella may have lost his previous case, but he cites no evidence that the judges of the Eastern District are biased against him. This is not a reason to deny the transfer.

I conclude that the Eastern District is more convenient forum and that transfer promotes the interests of justice, I will grant defendants' motion.

---

[1] Bella had a pending motion for assistance in recruiting counsel when defendants filed their motion for transfer, Dkt. 9, but I denied the motion because I concluded that Bella had not shown his case was so difficult he could not litigate it himself. Dkt. 19.

ORDER

IT IS ORDERED that defendants' motion for change of venue, Dkt. 18, is GRANTED. This case is transferred to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

Entered March 5, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge